IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARIEM MATHIS, | : | CIVIL ACTION NO. **3:CV-12-1317** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| DAUPHIN CO. PRISON, et al., | : | |
| Defendants | : | |

## REPORT & RECOMMENDATION

**I. BACKGROUND**.

On July 9, 2012, Plaintiff Kariem Mathis, currently an inmate at Dauphin County Prison ("DCP") in Harrisburg, Pennsylvania, filed, *pro se*, a civil rights action with this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's Complaint consists of three a handwritten pages. Plaintiff additionally filed a handwritten Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). To date, Plaintiff's Complaint has not yet been served on Defendants.

Initially, Plaintiff notes that he has filed no other lawsuits in federal court while incarcerated, and that he has exhausted the requisite administrative remedies available at DCP. (Doc. 1, p. 1).[1]

---

[1] While Plaintiff indicates in his Complaint that he filed a grievance at DCP regarding his instant claims and that he exhausted his administrative remedies, it hardly seems possible that Plaintiff could have completed the administrative remedy process at DCP in only 17 days since his claims accrued on June 18, 2012, and he dated his instant Complaint on July 5, 2012. Plaintiff must fully exhaust all of his DCP available administrative remedies with respect to each of his claims prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies

## II. ALLEGATIONS OF COMPLAINT.

In his Complaint, Plaintiff names the following ten (10) Defendants:

1)   Dauphin County Prison;
2)   Warden Dominick L. DeRose;
3)   Deputy Warden/Treatment Elizabeth A. Nichols;
4)   Deputy Warden/Treatment Leonard K. Carroll;
5)   [Lieutenant] Smith;
6)   [Sergeant] Smith;
7)   [Corrections Officer] J. Cryder;
8)   [Corrections Officer] M. Frankenstien;
9)   [Corrections Officer] Weikel; and
10)  [Corrections Officer] Hoose.

(Doc. 1, p. 1).

Plaintiff alleges the following regarding Defendant Corrections Officer Cryder. (Doc. 1, p. 2). On June 18, 2012, between 6:30am and 10:30am, Defendant Cryder, at the request of two inmates, opened their cell and Plaintiff's cell, and permitted the two inmates to enter Plaintiff's cell and "viciously attack" him while he was asleep. (*Id.*). Plaintiff claims that this incident was captured on video. (*Id.*).

Plaintiff alleges the following regarding Defendant Corrections Officers Hoose and Weikel. (*Id.*). On June 18, 2012, between 5:30pm and 6:30pm, Defendants Hoose and Weikel instructed two inmates (Darriar Walker and Richard Aycock) that they had five (5) minutes to "fuck [Plaintiff] up" while he was at the gym before the Defendant Officers would "radio[] for all-gaurd [sic]." (*Id.*). Plaintiff asserts that there exists a video-recording that shows the Defendant

---

to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Officers "[standing] by while these inmates viciously attacked [him]." (*Id.*).

Plaintiff alleges the following regarding Defendants Lieutenant Smith, Sergeant Smith and Corrections Officer Frankenstien. (*Id.*). On June 18, 2012, following the stated incident in the gym, Plaintiff states that he dragged "to a location in Dauphin County Prison known as "super segregation," and that Defendants Lieutenant Smith, Sergeant Smith and Corrections Officer Frankenstien "took turns assaulting [him] while [he] was fully cuffed until [he] was left unconscience (sic)." (*Id.*).

Plaintiff alleges the following regarding supervisory Defendants Warden DeRose, Deputy Warden Nichols and Deputy Warden Carroll. (Doc. 1, p. 3). Plaintiff claims: "There have been so many attacks by officers on inmates in this prison [DCP] and they knew of the many attacks or should have known but did nothing to stop it..." (*Id.*).

As relief, Plaintiff requests that all of the Defendants be terminated as employees at DCP "for abusing their positions and violating [his] civil rights." (*Id.*). Plaintiff further asks for compensatory damages in the amount of one million dollars ($1,000,000.00) per attack, *i.e.* three million dollars ($3,000,000.00) in total. (*Id.*). Lastly, Plaintiff requests written apologies from each officer who struck him. (*Id.*).

In liberally construing Plaintiff's *pro se* Complaint, as we must, we find that Plaintiff raises Eighth Amendment failure to protect claims against Defendants Cryder, Hoose, Weikel, DeRose, Nichols, and Carroll and, Eighth Amendment excessive force claims against Defendants

Frankenstien, Lieutenant Smith, and Sergeant Smith.[2]

Plaintiff's instant Complaint was filed pursuant to 42 U.S.C. § 1983, claiming violations of his constitutional rights; thus, this Court has subject matter jurisdiction over Plaintiff's case under 28 U.S.C. § 1331 and §1343(a).

Because Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2), we are obliged to screen Plaintiff's Complaint. *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).

### III. STANDARDS OF REVIEW.

#### A. PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

---

[2]*See Simonton v. Tennis*, Civil Action No. 1:09-CV-0233, 2011 WL 941406, at *4 (M.D. Pa. Mar. 16, 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) ("In the context of prisoner confinement, it is well-established that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'").

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

> seeks monetary relief against a defendant who is immune from such relief.

The Court uses the same standard to screen a complaint from a plaintiff proceeding *in forma pauperis* as it does for a 12(b)(6) motion to dismiss. *See Matthews v. Villella*, No. 4:08-CV-0964, 2009 WL 311177, at *2 (M.D. Pa. Feb. 6, 2009).

B.  MOTION TO DISMISS STANDARD

In *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 343-44 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, [556 U.S. 662], 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
>
>> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its fact.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).
>
> *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).
>
>> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts

>     as true, but may disregard any legal conclusions. [*Iqbal*, 129 S.Ct. At 1949.] Second, a District Court must then determined whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir. 2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. At 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.
>
> *Fowler*, 578 F.3d at 210-11.
>
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the sam deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009) (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955) (not precedential).

*See Saltzman v. Independence Blue Cross*, 634 F. Supp. 2d 538, 544 (E.D. Pa. 2009) ("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complain, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.").

    C.  SECTION 1983 STANDARD

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained fo was committed by a person acting under color of state law; and, (2) that the conduct complained of deprived the Plaintiff of rights, privileges,

or immunities secured by the laws or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, Civil No. 1:CV-08-00622, 2009 WL 533051, at *3 (M.D. Pa. Mar. 3, 2009). Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-99 (M.D. Pa. 2005); *Phillips v. Miller*, Civil No. 3:09-CV-0555, 2010 WL 771793, at *2 (M.D. Pa. Feb. 26, 2010).

**IV. DISCUSSION**.

As noted above, Plaintiff alleges that his Eighth Amendment rights were violated while incarcerated in DCP. (Doc. 1). An inmate may challenge the conditions of his or her imprisonment in a § 1983 civil rights action, as long as success in that challenge would not implicate the legality or length of his or her confinement. *See Muhammad v. Close*, 540 U.S. 749, 650 (2004) (per curiam); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). Plaintiff does not seek any relief that would challenge the length or the legality of his imprisonment, rather he complains about the conditions of his confinement in DCP. Thus, Plaintiff's present claims are properly raised in a § 1983 action.

We will first recommend that Defendant Dauphin County Prison be dismissed from this action with prejudice, as a prison is not a "person" subject to suit under § 1983. *See Pavalone v. Lackawanna Co. Prison*, Civil Action No. 1:11-CV-1444, 2011 WL 3794885, at *3 (M.D. Pa. Aug. 26, 2011) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989) ("Because a prison

or correctional facility is not a 'person' within the meaning of § 1983, the complaint against [Lackawanna County Prison] will be dismissed."); *Phippen v. Nish*, 223 F. App'x 191, 192 (3d Cir. 2007) ("[State Correctional Institution Waymart] is not a 'person' under § 1983.")).

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based on the foregoing, we find that it would be futile for the Court to allow Plaintiff to amend his Complaint as against Defendant DCP.

Additionally, insofar as Plaintiff sues the remaining state actor Defendants for monetary damages in their official capacities, we will recommend that any such claims be dismissed with prejudice. Plaintiff may not seek monetary damages from state actors in their official capacities. Thus, Plaintiff may only seek monetary damages from Defendants in their individual capacities.[4]

---

[4]It is unclear in which capacities Plaintiff is suing the individual Defendants; however, as stated, to the extent that Plaintiff seeks money damages from Defendants, he can only sue them in their individual, or personal, capacities because they are all state actors. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... As such, it is no different from a suit against the State itself."); *Atwell v. Schweiker*, 274 F. App'x 116, 117-18 (3d Cir. 2007) (non-precedential) ("The Eleventh Amendment bars a suit against state officials sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury."); *Meekins v. Beard*, Civil No. 3:CV-06-0290, 2007 WL 675358, at *3 (M.D. Pa. Mar. 1, 2007) ("A suit brought against an individual acting in his or her official capacity is similarly deemed to be a suit against the state, and as such, barred by the Eleventh Amendment."). Thus, we will recommend that any claims for monetary damages against Defendants in their official capacities be dismissed with prejudice.

### A. EIGHTH AMENDMENT FAILURE TO PROTECT CLAIMS

Plaintiff claims that Defendants Cryder, Hoose and Weikel failed to protect him as an inmate confined in DCP on June 18, 2012, in violation of the Eighth Amendment. Plaintiff claims that supervisory Defendants DeRose, Nichols and Carroll are liable since they should have known DCP officers would attack an inmate since there were so many attacks by officers on inmates at DCP.

Under the Eighth Amendment, prison officials have a duty "to take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (internal citations omitted). In *Glazewski v. Corzine*, 385 F. App'x 83, 88 (3d Cir. 2010), the Court stated:

> To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970. "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel,* 256 F.3d 120, 133 (3d Cir. 2001).

In *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001), the Third Circuit stated that:

> [S]ubjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk. *See* [*Farmer*, 511 U.S.] at 842, 114 S.Ct. 1970. Finally, a defendant can rebut a prima facie demonstration of deliberate indifference either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring. *See id.* at 844, 114 S.Ct. 1970.

We find that Plaintiff sufficiently alleges a cognizable failure to protect claim against Defendants Cryder, Hoose and Weikel because he asserts that each of these Corrections Officers not only had knowledge of, but encouraged, physical attacks on Plaintiff by other inmates. (Doc. 1, p. 2). These allegations demonstrate both "substantial risk of serious harm" and "deliberate indifference" to Plaintiff's health and safety. *See Glazewski*, 385 F. App'x at 88. Accordingly, we will recommend that the Court allow Plaintiff's Eighth Amendment failure to protect claims against Defendants Cryder, Hoose and Weikel to proceed.

Contrarily, we find that Plaintiff's allegations regarding supervisory Defendants DeRose, Nichols and Carroll do not sufficiently state cognizable failure to protect claims. With respect to these three Defendants, Plaintiff merely states: "There have been so many attacks by officers on inmates in this prison and they knew of the many attacks or should have known but did nothing to stop it..." (Doc. 1, p. 3). We do not find that this allegation sufficiently states that these three Defendants had knowledge that Plaintiff was at risk from assaults by any Corrections Officers at DCP or by any inmates. *See Beers-Capitol*, 256 F.3d at 133. As stated above, it is not sufficient that the official should have been aware of the existence of the excessive risk. *Id*.

Moreover, we find that Plaintiff has only named supervisory DeRose, Nichols and Carroll as Defendants based on *respondeat superior*. All three stated Defendants are clearly in supervisory positions with DCP, and none of them are sufficiently alleged to have been personally involved with respect to Plaintiff's above stated constitutional claims. It is well established that personal liability in a civil rights action cannot be imposed upon a prison official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976);

*Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003);*Carpenter v. Kloptoski*, 2011 WL 995967, *6 (M.D. Pa. 3-17-11).

We find that Plaintiff's Complaint lacks sufficient allegations of personal involvement, as required in a §1983 action, as against Defendants DeRose, Nichols and Carroll.

In *O'Connell v. Sobina*, 2008 WL 144199, * 21 (W.D. Pa.), the Court stated:

> Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. *Rode*, 845 F.2d at 1207. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id. See also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Moreover, in order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal,* stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
>
> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these

claims were properly dismissed."

See also *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.).

In *Carpenter v. Klopotoski*, 2011 WL 995967, *7, the Court stated:

> To maintain a claim for supervisory liability, plaintiff "must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293 (3d Cir.1997); *Baker v. Monroe Twp.,* 50 F.3d 1186, 1190-91 (3d Cir.1995).

As mentioned, the only alleged involvement of Defendants DeRose, Nichols and Carroll with Plaintiff's claims are that they should have known Plaintiff would be attacked by Corrections Officers on June 18, 2012, since there were so many prior attacks by Officers on other inmates at DCP. Further, Plaintiff does not allege that Defendants DeRose, Nichols and Carroll were aware Defendants Lieutenant Smith, Sergeant Smith and Corrections Officer Frankenstien dragged him to "super segregation" following the incident in the gym, and that Defendants Lieutenant Smith, Sergeant Smith and Corrections Officer Frankenstien took turns assaulting him.

As stated, the Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility in allowing an amendment. *See Grayson*, 293 F.3d at 111. We find that although Plaintiff failed to state a claim against Defendants DeRose, Nichols and Carroll in his instant Complaint, it would not be futile to grant him leave to amend. Thus, we will recommend that the Court dismiss Plaintiff's Eighth

Amendment failure to protect claims against Defendants DeRose, Nichols and Carroll without prejudice allowing Plaintiff leave to amend his Complaint with respect to these Defendants.

    B.    *EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS*

Plaintiff claims that Defendants Frankenstien, Lieutenant Smith and Sergeant Smith violated his Eighth Amendment right to protection against excessive force while incarcerated. (Doc. 1, p. 2). The Third Circuit has stated the following regarding Eighth Amendment excessive force claims against prison officials by inmates:

> The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8 [ ] (1992)). When reviewing Eighth Amendment excessive force claims, we must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7 [ ]. Whether the force applied was excessive requires the examination of several factors including:
>
>> (1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of the injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'
>
> *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 [ ] (1986)).

*Matthews v. Villella*, 381 F. App'x 137, 139 (3d Cir. 2010).

In the instant case, based on the above detailed allegations of Plaintiff, we will recommend that Plaintiff's Eighth Amendment excessive force claim against Defendants Frankenstien, Lieutenant Smith and Sergeant Smith be permitted to proceed. Plaintiff asserts that these Defendants took him to an area in the prison known as "super segregation" and

attacked him while he was handcuffed until he became unconscious. (Doc. 1, p. 2). Plaintiff adequately alleges infliction of pain that was unnecessary and wanton and that was not exerted in an attempt to restore discipline. *See Matthews*, 381 F. App'x at 139. Thus, we will recommend that Plaintiff's excessive force claims against Defendants Frankenstien, Lieutenant Smith and Sergeant Smith be permitted to proceed.

## V. RECOMMENDATION.

Based on the foregoing, we respectfully recommended that:

1) Plaintiff's claims for damages against Defendants in their official capacities be **DISMISSED WITH PREJUDICE**.

2) Defendant Dauphin County Prison be **DISMISSED WITH PREJUDICE** from this action.

3) Plaintiff's Eighth Amendment failure to protect claim against Defendants DeRose, Nichols and Carroll be **DISMISSED WITHOUT PREJUDICE**.

4) Plaintiff's Eighth Amendment failure to protect claim against Defendants Cryder, Hoose, and Weikel be **PERMITTED TO PROCEED**.

5) Plaintiff's Eighth Amendment excessive force claim against Defendants Frankenstien, Lieutenant Smith and Sergeant Smith be **PERMITTED TO PROCEED**.

Finally, we recommend that this case be recommitted to the undersigned for further proceedings.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 6, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARIEM MATHIS, | : | CIVIL ACTION NO. **3:12-CV-1317** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DAUPHIN CO. PRISON, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 6, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.  Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights."

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                        **s/ Thomas M. Blewitt**
                        **THOMAS M. BLEWITT**
                        **United States Magistrate Judge**

**Dated: August 6, 2012**