IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARIEM MATHIS, | : | CIVIL ACTION NO. **3:CV-12-1317** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| DAUPHIN COUNTY PRISON, *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On July 9, 2012, Plaintiff Kariem Mathis, formerly an inmate at Dauphin County Prison ("DCP") in Harrisburg, Pennsylvania, currently an inmate at the Federal Correctional Institution, Cumberland, Maryland, filed, *pro se*, a civil rights action with this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's Complaint consisted of three a handwritten pages. Plaintiff additionally filed a handwritten Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).

Initially, Plaintiff noted that he exhausted the requisite administrative remedies available at DCP. (Doc. 1, p. 1).[1]

---

[1]As we previously noted, while Plaintiff indicated in his Complaint that he filed a grievance at DCP regarding his instant claims and that he exhausted his administrative remedies, it hardly seemed possible that Plaintiff could have completed the administrative remedy process at DCP in only 17 days since his claims accrued on June 18, 2012, and he dated his instant Complaint on July 5, 2012. Plaintiff must fully exhaust all of his DCP available administrative remedies with respect to each of his claims prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that

In his Complaint, Plaintiff named the following ten (10) Defendants:

1) Dauphin County Prison;
2) Warden Dominick L. DeRose;
3) Deputy Warden/Treatment Elizabeth A. Nichols;
4) Deputy Warden/Treatment Leonard K. Carroll;
5) [Lieutenant] Smith;
6) [Sergeant] Smith;
7) [Corrections Officer] J. Cryder;
8) [Corrections Officer] M. Frankenstien;
9) [Corrections Officer] Weikel; and
10) [Corrections Officer] Hoose.

(Doc. 1, p. 1).

Plaintiff alleged the following regarding Defendant Corrections Officer Cryder. (Doc. 1, p. 2). On June 18, 2012, between 6:30am and 10:30am, Defendant Cryder, at the request of two inmates, opened their cell and Plaintiff's cell, and permitted the two inmates to enter Plaintiff's cell and "viciously attack" him while he was asleep. (*Id.*). Plaintiff claimed that this incident was captured on video. (*Id.*).

Plaintiff alleged the following regarding Defendant Corrections Officers Hoose and Weikel. (*Id.*). On June 18, 2012, between 5:30pm and 6:30pm, Defendants Hoose and Weikel instructed two inmates (Darriar Walker and Richard Aycock) that they had five (5) minutes to "fuck [Plaintiff] up" while he was at the gym before the Defendant Officers would "radio[] for all-gaurd [sic]." (*Id.*). Plaintiff asserted that there exists a video-recording that shows the Defendant Officers "[standing] by while these inmates viciously attacked [him]." (*Id.*).

"the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Plaintiff alleged the following regarding Defendants Lieutenant Smith, Sergeant Smith and Corrections Officer Frankenstien. (*Id.*). On June 18, 2012, following the stated incident in the gym, Plaintiff stated that he dragged "to a location in Dauphin County Prison known as "super segregation," and that Defendants Lieutenant Smith, Sergeant Smith and Corrections Officer Frankenstien"took turns assaulting [him] while [he] was fully cuffed until [he] was left unconscience (sic)." (*Id.*).

Plaintiff alleged the following regarding supervisory Defendants Warden DeRose, Deputy Warden Nichols and Deputy Warden Carroll. (Doc. 1, p. 3). Plaintiff claimed: "There have been so many attacks by officers on inmates in this prison [DCP] and they knew of the many attacks or should have known but did nothing to stop it..." (*Id.*).

As relief, Plaintiff requested that all of the Defendants be terminated as employees at DCP "for abusing their positions and violating [his] civil rights." (*Id.*). Plaintiff further asked for compensatory damages in the amount of one million dollars ($1,000,000.00) per attack, *i.e.* three million dollars ($3,000,000.00) in total. (*Id.*). Lastly, Plaintiff requested written apologies from each officer who struck him. (*Id.*).

In liberally construing Plaintiff's *pro se* Complaint, as we must, we found that Plaintiff raised Eighth Amendment failure to protect claims against Defendants Cryder, Hoose, Weikel, DeRose, Nichols, and Carroll and, Eighth Amendment excessive force claims against Defendants Frankenstien, Lieutenant Smith, and Sergeant Smith.[2]

---

[2]*See Simonton v. Tennis*, Civil Action No. 1:09-CV-0233, 2011 WL 941406, at *4 (M.D. Pa. Mar. 16, 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) ("In the context of prisoner confinement, it is well-established that 'the treatment a prisoner receives in prison and

Plaintiff's instant Complaint was filed pursuant to 42 U.S.C. § 1983, claiming violations of his constitutional rights; thus, this Court has subject matter jurisdiction over Plaintiff's case under 28 U.S.C. § 1331 and §1343(a).

On August 6, 2012, we issued a Report and Recommendation recommending the following: (1) that Plaintiff's claim for damages against Defendants in their official capacities be dismissed with prejudice; (2) that Defendant Dauphin County Prison be dismissed with prejudice; (3) that Plaintiff's Eighth Amendment failure to protect claim against Defendants DeRose, Nichols and Carroll be dismissed without prejudice; (4) that Plaintiff's' Eighth Amendment failure to protect claim against Defendants Cryder, Hoose and Weikel be permitted to proceed; (5) that that Plaintiff's Eighth Amendment excessive force claim against Defendants Frankenstien, Lieutenant (Steve) Smith and Sergeant Smith be permitted to proceed; and (6) that the matter be recommitted to the undersigned for further proceedings. (Doc. 12).

On September 10, 2012, the Court adopted our Report and Recommendation in its entirety. (Doc. 17).

On September 19, 2012, we issued an Order denying Plaintiff's Document 16 Motion to Appointment Counsel filed on August 20, 2012. (Docs. 16 & 20).

To date, Plaintiff's original Complaint (Doc. 1) has been served on all remaining Defendants except for Sergeant Smith. (Doc. 23). All five Defendants who were served jointly

---

the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'").

filed an Answer to Plaintiff's Complaint with Affirmative Defenses on November 13, 2012. (Doc. 24). As one Affirmative Defense, Defendants aver that Plaintiff failed to exhaust his available administrative remedies at DCP.

On December 6, 2012, the U.S. Marshal Service ("USMS") filed an Unexecuted Return of Service with respect to Defendant Sergeant Smith. (Doc. 25). The Unexecuted Return of Service indicates that the USMS was not able to serve Defendant Sergeant Smith at DCP, that no such person was at DCP, and that the Complaint mailed to this Defendant at DCP was returned to the USMS.

Thus, we issued an Order on December 10, 2012, and afforded Plaintiff ten days to further identify his Defendant Sergeant Smith so that service of Plaintiff's Complaint could be made upon this Defendant. (Doc. 26). We also stated in our Order that the failure of Plaintiff to further identify his Defendant Sergeant Smith would result in a recommendation that this Defendant be dismissed from this case.

The time in which Plaintiff was to have further identified his Defendant Sergeant Smith so that service of Plaintiff's Complaint could be made upon this Defendant has expired and Plaintiff has failed to submit any document with the court to assist in serving Defendant Sergeant Smith. As such, we will now recommend that Defendant Sergeant Smith be dismissed from this case without prejudice.

**II. Discussion.**

As mentioned, to date, all remaining Defendants except for Defendant Sergeant Smith have been served with Plaintiff's Complaint and jointly filed their Answer to it. Defendant

Sergeant Smith has not been sufficiently identified by Plaintiff and this Defendant has not been served with Plaintiff's Complaint. Since Defendant Sergeant Smith has yet to be served with Plaintiff's Complaint, since Plaintiff has failed to sufficiently identity this Defendant and was given the opportunity to do so, since the U.S. Marshal has expended time and money in trying to serve this Defendant with the name Plaintiff provided and, since it is now about six (6) months after Plaintiff filed his original Complaint (July 9, 2012), we shall recommend that Plaintiff's Complaint as against this Defendant be dismissed without prejudice. Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Fed.R.Civ.P. 4(m).

Plaintiff has not shown good cause for his failure to sufficiently identify Defendant Sergeant Smith to allow the U.S. Marshal to serve this Defendant. Further, Plaintiff was given more than ample time to sufficiently identify Defendant Sergeant Smith. It has been well over 120 days (*i.e.* almost six months) since Plaintiff filed his original Complaint. As stated, the name of Defendant Sergeant Smith that Plaintiff provided was not sufficient for the U.S. Marshal to serve this Defendant and the U.S. Marshal has exhausted all efforts to serve this Defendant. (Doc. 25). Plaintiff has failed to show good cause why he has not provided adequate identification of Defendant Sergeant Smith so that this Defendant could be served with

Plaintiff's Complaint under Rule 4(m).

As the Court noted in *Banks v. One or More Unknown Named Confidential Informants of Federal,* 2008 WL 2563355, *1, n.1 (M.D. Pa.):

> Federal Rule of Civil Procedure 4(m) requires that service of a summons and complaint be effectuated upon each defendant "within 120 days after the filing of the complaint." The rule further provides that, if such service is not completed, the court must "dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m).
>
> In the instant case, Banks is not responsible to effectuate service personally because he is proceeding *in forma pauperis.* ( *See* Doc. 10); *see also* 28 U.S.C. § 1915(c) (stating that "the officers of the court shall issue and serve all process" when the plaintiff is proceeding *in forma pauperis* ). Nevertheless, Banks is responsible to identify the parties named as defendants in order to permit the United States Marshal to effectuate service within the time limit proscribed by Federal Rule of Civil Procedure 4(m). *See Okagbue v. Ojekwe v. Federal Bureau of Prisons,* No. 03-2035, 2007 WL 4570075, at *3 (D.N.J. Dec.26, 2007) (stating that a prisoner must "furnish[ ] the Marshal with the necessary information to effect service" before asserting that service defects should be excused for "good cause"); *Goodwin v. LA Weight Loss Centers, Inc.,* No. 99-6339, 2001 WL 34387933, at *1 (E.D.Pa.2001) ( *"As long as the plaintiff provides adequate information to identify the party to be served,* a complaint should not be dismissed under Rule 4(m) for the Marshals Service's failure to effectuate proper service." (emphasis added)). As of the date of this memorandum and order, Banks has failed to provide sufficient identifying information to permit service upon the unknown named defendants ( *see* Doc. 48), and far greater than 120 days have passed since the court directed service of the amended complaint on September 13, 2007 ( *see* Doc. 46). Accordingly, the court must dismiss without prejudice all claims against the unknown named defendants. See Fed. R. Civ. P. 4(m).

*See also Phillips v. Miller*, 2010 WL 771793, *1 & *6 (M.D. Pa.).

As stated, more than 120 days have passed since Plaintiff filed his Complaint, and to date, Plaintiff has not sufficiently identified Defendant Sergeant Smith so that service can be made upon this Defendant. Since Plaintiff has not provided proper identity this Defendant, service of his

7

Complaint cannot be effectuated on this Defendant and his case cannot proceed against this Defendant. Further, since Plaintiff has not shown good cause for his failure to adequately identify Defendant Sergeant Smith, we shall recommend this Defendant be dismissed without prejudice under Rule 4(m).

## III. Recommendation.

Based on the above, it is respectfully recommended that since Plaintiff has not shown good cause for his failure to sufficiently identify Defendant Sergeant Smith for service of his Complaint, that Defendant Sergeant Smith be dismissed without prejudice under Rule 4(m).

 s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 3, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KARIEM MATHIS, | : | CIVIL ACTION NO. **3:CV-12-1317** |
|---|---|---|
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| DAUPHIN COUNTY PRISON, *et al.*, | : | |
| Defendants | : | |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 3, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

                                                                  s/ Thomas M. Blewitt
                                                                   **THOMAS M. BLEWITT**
                                                                   **United States Magistrate Judge**

**Dated: January 3, 2013**