IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KARIEM MATHIS, | : | CIVIL ACTION NO. **3:CV-12-1317** |
| --- | --- | --- |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| DAUPHIN COUNTY PRISON, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I.      Background.**

On July 9, 2012, Plaintiff Kariem Mathis, formerly an inmate at Dauphin County Prison ("DCP") in Harrisburg, Pennsylvania, currently an inmate at the Federal Correctional Institution, Cumberland, Maryland, filed, *pro se*, a civil rights action with this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's Complaint consisted of three a handwritten pages.  Plaintiff's instant claims accrued at DCP on June 18, 2012.  Plaintiff additionally filed a handwritten Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).

Initially, Plaintiff noted that he exhausted the requisite administrative remedies available at DCP. (Doc. 1, p. 1).[1]

---

[1]As we previously noted, while  Plaintiff indicated in his Complaint that he filed a grievance at DCP regarding his  instant claims and that he exhausted his administrative remedies, it hardly seemed possible that Plaintiff could have completed the administrative remedy process at DCP in only 17 days since his claims accrued on June 18, 2012, and he dated his instant Complaint on July 5, 2012.  Also, as we previously noted, Plaintiff must fully exhaust all of his DCP available administrative remedies with respect to each of his claims prior to filing a civil rights suit.  *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court

In his Complaint, Plaintiff named the following ten (10) Defendants:

1) Dauphin County Prison;
2) Warden Dominick L. DeRose;
3) Deputy Warden/Treatment Elizabeth A. Nichols;
4) Deputy Warden/Treatment Leonard K. Carroll;
5) [Lieutenant] Smith;
6) [Sergeant] Smith;
7) [Corrections Officer] J. Cryder;
8) [Corrections Officer] M. Frankenstien (sic);
9) [Corrections Officer] Weikel; and
10) [Corrections Officer] Hoose.

(Doc. 1, p. 1)[2]

In liberally construing Plaintiff's *pro se* Complaint, as we must, we found that Plaintiff raised Eighth Amendment failure to protect claims against Defendants Cryder, Hoose, Weikel, DeRose, Nichols, and Carroll and, Eighth Amendment excessive force claims against Defendants Frankenstien, Lieutenant Smith, and Sergeant Smith.[3]

---

reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[2]In his Complaint, Plaintiff incorrectly spelled Defendant Corrections Officer M. Frankenstein as "Frankenstien." We use the correct spelling of this Defendant 's name herein. (*See* Doc. 34).

[3]*See Simonton v. Tennis*, Civil Action No. 1:09-CV-0233, 2011 WL 941406, at *4 (M.D. Pa. Mar. 16, 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) ("In the context of prisoner confinement, it is well-established that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'").

Plaintiff's instant Complaint was filed pursuant to 42 U.S.C. § 1983, claiming violations of his constitutional rights; thus, this Court has subject matter jurisdiction over Plaintiff's case under 28 U.S.C. § 1331 and §1343(a).

On August 6, 2012, we screened Plaintiff 's Complaint as required by the PLRA and issued a Report and Recommendation recommending the following: (1) that Plaintiff's claim for damages against Defendants in their official capacities be dismissed with prejudice; (2) that Defendant Dauphin County Prison be dismissed with prejudice; (3) that Plaintiff's Eighth Amendment failure to protect claim against Defendants DeRose, Nichols and Carroll be dismissed without prejudice; (4) that Plaintiff's' Eighth Amendment failure to protect claim against Defendants Cryder, Hoose and Weikel be permitted to proceed; (5) that Plaintiff's Eighth Amendment excessive force claim against Defendants Frankenstein, Lieutenant (Steve) Smith and Sergeant Smith be permitted to proceed; and (6) that the matter be recommitted to the undersigned for further proceedings. (Doc. 12).

On September 10, 2012, the Court adopted our Report and Recommendation in its entirety. (Doc. 17).

On September 14, 2012, we issued an Order granting Plaintiff's Document 2 *in forma pauperis* Motion and we directed service of Plaintiff's Complaint on the remaining Defendants, namely, Cryder, Hoose, Weikel, Frankenstein, Lieutenant (Steve) Smith and Sergeant Smith. (Doc. 19).

On September 19, 2012, we issued an Order denying Plaintiff's Document 16 Motion to Appointment Counsel filed on August 20, 2012. (Docs. 16 & 20).

Subsequently, Plaintiff's original Complaint (Doc. 1) was served on all remaining Defendants except for Defendant Sergeant Smith. (Doc. 23). All five Defendants who were served jointly filed an Answer to Plaintiff's Complaint with Affirmative Defenses on November 13, 2012. (Doc. 24). As one Affirmative Defense, Defendants averred that Plaintiff failed to exhaust his available administrative remedies at DCP.

On December 6, 2012, the U.S. Marshal Service ("USMS") filed an Unexecuted Return of Service with respect to Defendant Sergeant Smith. (Doc. 25). The Unexecuted Return of Service indicated that the USMS was not able to serve Defendant Sergeant Smith at DCP, that no such person was at DCP, and that the Complaint mailed to this Defendant at DCP was returned to the USMS.

Thus, we issued an Order on December 10, 2012, and afforded Plaintiff ten days to further identify his Defendant Sergeant Smith so that service of Plaintiff's Complaint could be made upon this Defendant. (Doc. 26). We also stated in our Order that the failure of Plaintiff to further identify his Defendant Sergeant Smith would result in a recommendation that this Defendant be dismissed from this case.

On January 3, 2013, we issued a Report and Recommendation recommending that Defendant Sergeant Smith be dismissed from the action without prejudice, as Plaintiff failed to sufficiently identify Defendant. (Doc. 27). On January 28, 2013, the Court issued an Order adopting our R&R in full, and dismissing Defendant Sergeant Smith. (Doc. 29).

Subsequently, with all five remaining Defendants served and with an Answer filed, the case proceeded to discovery. On February 8, 2013, Defendants filed a Motion requesting leave

of court for the deposition of Plaintiff, and on February 11, 2013, we issued an Order granting Defendants' Motion. (Docs. 30 & 31).

On June 3, 2013, Defendants Cryder, Hoose, Weikel, Frankenstein, Lieutenant (Steve) Smith jointly filed a Rule 56(c) Motion for Summary Judgment, along with a supporting Statement of Material Facts and Brief in Support, with exhibits attached. **(Docs. 34-36)**. Defendants argued that Plaintiff's constitutional claims should be dismissed since Plaintiff failed to exhaust his DCP administrative remedies before he filed his instant Complaint. Plaintiff did not timely file his Opposition Brief and his Response to Defendants' Statement of Facts within the initial response period. As a result, on July 3, 2013, we issued a cautionary Order, directing Plaintiff to file his Brief in Opposition to Defendants' Motion for Summary Judgment and his Response to Defendants' Statement of Facts within ten (10) days, and warning him that a failure to file his opposition brief and response would result in a recommendation that he be deemed not opposing Defendants' Motion for summary judgment. (Doc. 37).[4]

Plaintiff again failed to file his Brief in Opposition to Defendants' Motion for Summary Judgment and his Response to Defendants' Statement of Facts despite our grant of an extension of time within which to do so. To date, we sua sponte afforded Plaintiff an additional twelve days to file his Brief in Opposition to Defendants' Motion for Summary Judgment and his Response to Defendants' Statement of Facts, beyond the extra time granted in our cautionary Order, yet he has again failed to do so. Plaintiff has not filed Plaintiff to file his Brief in

---

[4]We note that Plaintiff was previously provided with the pertinent Local Rules of this Court. (Doc. 5). We also directed that Plaintiff be provided with a copy of Local Rule 56.1, M.D. Pa., on July 8, 2013.

5

Opposition to Defendants' Motion for Summary Judgment and his Response to Defendants' Statement of Facts, and as such, we will recommend that Defendants' instant Motion be deemed unopposed. We will also recommend that Defendants' Summary Judgment be granted since Defendants' undisputed evidence shows that Plaintiff failed to exhaust his DCP administrative remedies with respect to his constitutional claims before his filed his Complaint in federal court.

At this time, the remaining Defendants to the instant action are Lieutenant Smith, Corrections Officer J. Cryder, Corrections Officer M. Frankenstein, Corrections Officer Weikel, and Hoose. The only remaining claims are an Eighth Amendment failure to protect claim against Defendants Cryder, Hoose, and Weikel, and an Eighth Amendment excessive force claim against Defendants Frankenstein and Smith.

## II.     Factual Background.

At this time, we will limit our discussion of the factual background to Plaintiff's remaining claims of failure to protect and excessive force. Plaintiff alleges that on June 18, 2012, at DCP, between 6:30am and 10:30am, Defendant Cryder, at the request of two inmates, opened their cell and the Plaintiff's cell, and permitted the two inmates to enter Plaintiff's cell and "viciously attack" him while he was asleep. (Doc. 1, p. 1). Plaintiff claims that incident was captured on the prison video. (Id.).

Further, Plaintiff alleges that on June 18, 2012, between 5:30pm and 6:30pm, Defendants Hoose and Weikel advised two inmates (who Plaintiff names as Darriar Walker and Richard Aycock) that they had five (5) minutes to "fuck [Plaintiff] up" while he was at the gym

6

before the Defendant Officers would "radio for all-guard (sic)." (Id.). Plaintiff asserts that there exists a video-recording that shows the Defendant Officers "[standing] by while these inmates viciously attacked [him]." (Id.).

Finally, Plaintiff also alleges that on June 18, 2012, following that incident in the gym, Defendants Smith and Frankenstein dragged him "to a location in Dauphin County Prison known as 'super segregation'" and, that they "took turns assaulting [him] while [he] was fully cuffed until [he] was left unconscience (sic)." (Id.).

As relief, Plaintiff requested that all of the Defendants be terminated as employees at DCP "for abusing their positions and violating [his] civil rights." (*Id.*). Plaintiff further asked for compensatory damages in the amount of one million dollars ($1,000,000.00) per attack, *i.e.* three million dollars ($3,000,000.00) in total.[5] (*Id.*). Lastly, Plaintiff requested written apologies from each officer who struck him. (*Id.*).

**III. Summary Judgment Standard.**

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing*

---

[5] In adopting our August 6, 2012 R&R, the Court Ordered, in part, that Plaintiff's claim for money damages against all Defendants in their official capacities dismissed with prejudice. (Doc. 17).

7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A fact is "material" if proof of its existence or non-existence could affect the outcome of the action pursuant to the governing law. *Anderson*, 477 U.S. at 248. "Facts that could alter the outcome are material facts." *Charlton v. Aramus Bd. of Educ.*, 25 F. 3d 194, 197 (3d Cir.), *cert. denied*, 513 U.S. 1022 (1994).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

Under Rule 56 summary judgment must be entered where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, the Third Circuit has indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

Thus, "summary judgment is proper, when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. General Motors*, 2009 WL 237247, *2 (3d Cir.)(citation omitted); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144 at 145 (3d Cir. 2007) (the court must "view the facts in the light most favorable to the party opposing the [summary judgment] motion when making [its] determination."); *Burlington v. News Corp.*, 759 F.Supp. 2d at 589-90. "Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).

**IV.     Statement of Material Facts.**

As stated, Defendants properly filed their SMF with citation to the evidence (Doc. 35), as required by Local Rule 56.1, M.D. Pa., which support their position that Plaintiff did not exhaust his DCP administrative remedies before filing his Complaint in federal court. Also, Defendants submitted Exhibits with their SMF to support each one of their contentions. (Doc. 35, Ex.'s A-E). As mentioned, Plaintiff failed to file both an opposition brief to Defendants' Summary Judgment Motion and his response to Defendants' Statement of Facts, despite being

provided with ample opportunity to do so, and despite being warned with the consequences of his failure to file his stated documents.

Since Defendants have properly filed their SMF in support of their Summary Judgment Motion (Doc. 35), as required by Local Rule 56.1 of M.D. Pa., and their facts are all properly supported by their evidence, and since Plaintiff failed to properly respond to Defendants' SMF, we shall deem as admitted all of Defendants' facts contained in their SMF. *See Carpenter v. Kloptoski*, 2012 WL 911558, *1 (M.D. Pa. March 16, 2012)("Because Plaintiff [a pro se inmate in a §1983 civil rights action] has failed to file a separate statement of material facts controverting the statement filed by Defendant, all material facts set forth in Defendant's statement [] will be deemed admitted."). Further, none of Defendants' facts in their SMF are properly disputed by Plaintiff with citation to evidence. Thus, we find that Plaintiff has not properly responded to Defendants' SMF as required by Local Rule 56.1, M.D. Pa. *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa.; *Michatavi v. Martinez*, 2009 WL 5172962 (M.D. Pa.); *Hemingway v. Ellers,* 2008 WL 3540526 (M.D. Pa.)*; Accolla v. U.S.*, 2009 WL 3625383 (M.D. Pa.), affirmed 2010 WL 763550 (3d Cir.)(court found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' statement of facts as required by L.R. 56.1, M.D. Pa., Defendants' statement of facts were undisputed). Regardless of Plaintiff's failure to properly respond to Defendants' statement of facts, we accept Defendants' statement of facts since they are all supported by their evidence. Furthermore, we deem Defendants' instant Motion as unopposed under Local Rule 7.6, M.D. Pa., based on Plaintiff's failure to file his opposition brief and response to Defendants'

statement of facts.

We find that Defendants' undisputed evidence demonstrates that Plaintiff has not fully exhausted his DCP administrative remedies regarding his constitutional claims pertaining to the alleged incidents of June 18, 2012.[6]

**V.     Discussion.**

Presently pending before the Court is Defendants' unopposed dispositive motion. (Doc. 34). Plaintiff, as mentioned, failed to file his opposition brief and his paragraph-by-paragraph response to Defendants' SMF as he was obliged to do and as he was aware he was required to file.[7] Initially, we will address Defendants' unopposed assertion that Plaintiff has failed to exhaust his administrative remedies, as required by the PLRA before an inmate can file a civil rights action under § 1983. Exhaustion of administrative remedies in a civil rights action filed by an inmate is a threshold issue. *See Lasko v. Hendershot*, 2006 WL 2828787 (M.D. Pa. 9-29-06); *Hookey v. Lomas*, 2010 WL 936230, *6 (M.D. Pa. 3-15-10).

Defendants state in their supporting brief, Doc. 36, pp. 5-6, as follows:

> Viewing the facts in a light most favorable to Plaintiff, Plaintiff submitted at most a grievance to the Warden and the Dauphin County Prison Board. In response, Lt. Smith attempted to interview Plaintiff nine (9) days after the incident(s) and Plaintiff declined comment. The matter was subsequently referred to the Dauphin County CID for investigation based upon the seriousness of the allegations. Although Plaintiff claims that he attempted to

---

[6]We do not repeat Defendants' SMF herein since Plaintiff failed to respond to any of them. We also note that we found Defendants' cited evidence to support their SMF.

[7]As stated above, the docket reveals that Plaintiff was provided copies of the pertinent Local Rules of this Court. (Docs. 5 & 37).

11

> submit an appeal to the Dauphin County Prison Board, he admits that he did not take any further action regarding the grievance process. Since Plaintiff did not take any appeal and/or action to the full Dauphin County Prison Board and/or the Dauphin County Solicitor, he failed to exhaust the Prison's grievance appeal process. It is also noteworthy that Plaintiff waited only seventeen (17) days following the complained of conduct to file his lawsuit, which is clearly not sufficient time to exhaust the grievance appeal process as required.

As undisputed evidence, Defendants submit as Exhibit C, a copy of Plaintiff's grievance regarding his instant claims filed with the DCP Warden. Further, as Exhibits D and E, the Defendants submit undisputed evidence showing that as a result of Plaintiff's initial grievance, the Dauphin County Prison Board requested and carried out a criminal investigation into Plaintiff's allegations of assault. (Docs. 35-5 & 35-6). Ultimately, that investigation was closed due to a lack of evidence to support Plaintiff's allegations. As Defendants point out, however, in their unopposed support brief, Plaintiff never filed any grievances beyond the initial one with the Warden.

We find that the undisputed evidence shows that at all material times, Dauphin County Prison had in place an administrative grievance system and that Plaintiff received a copy of the DCP Inmate Handbook when he arrived at DCP in March 2012. The DCP administrative remedy process requires four steps for exhaustion: (1) inmate submits a grievance to the Warden for review; (2) inmate appeals Warden's decision to the Chairman of the Dauphin County Prison Board of Inspectors; (3) inmate appeals the Chairman's decision to the full Dauphin County Prison Board of Inspectors; and (4), inmate appeals the Board's decision to the Dauphin County Solicitor. (Doc. 34, ¶'s 2-3 & Doc. 36, p. 5). This full grievance process is laid

out in the DCP Inmate Handbook, which, as stated, Plaintiff admittedly received upon the commencement of his detention at Dauphin County Prison in March 2012. Specifically, in Defendants' Exhibit A, the transcript of Plaintiff's deposition taken in this case, Plaintiff admitted to being issued a copy of the Handbook upon his arrival at Dauphin County Prison. (Doc. 35-2, p. 11). Plaintiff testified as follows:

> **Q:** Do you remember whether you received a copy of the Dauphin County inmate handbook when you were committed in March?
> **A [Plaintiff]:** Yes, I did.
> **Q:** Did you read that?
> **A:** I read pieces. I didn't read the whole thing. I read some of it though.

As stated above, we find that Defendants' undipsuted evidence shows that Plaintiff failed to fully exhaust his available DCP administrative remedies with respect to his present constitutional claims before he filed his instant Complaint. A prisoner is barred from bringing a civil rights action in federal court "until such administrative remedies as are available have been exhausted." 42 U.S.C. §1997e(a). As the Courts have repeatedly held, it is well-settled that the Plaintiff inmate must exhaust his administrative remedies **prior** to filing a civil rights suit. *See Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64; *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n. 9 (3d Cir. 2002). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prison conditions, including § 1983 actions or actions brought pursuant to any other federal law, including this *Bivens* action.

"A prisoner must exhaust all available administrative remedies before initiating a federal

lawsuit." *Lombardi v. Pugh*, 2009 WL 1649908, *3(M.D. Pa. 6-9-09)(citation omitted). Further, "the exhaustion requirement is not satisfied if the inmate files an action in the district court prior to completing the administrative remedy process." *Id*.(citation omitted); *See also Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64(Court stated that "most circuit courts are in agreement that a prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* initiating suit in federal court.")(emphasis original)(citations omitted).

As such, because the undisputed evidence demonstrates that Plaintiff has not exhausted all available DCP administrative remedies with respect to his constitutional claims, we will recommend that the Court grant the Defendants' Motion for Summary Judgment. We also find that it would now be too late for Plaintiff to complete the exhaustion process available at DCP regarding his constitutional claims and that Plaintiff has procedurally defaulted his claims.

**VI.     Recommendation.**

Based on the above, it is respectfully recommended that Defendants' unopposed Motion for Summary Judgment (Doc. 34) be **GRANTED.** It is also recommended that the Court enter Judgment in favor of Defendants Cryder, Hoose, Weikel, Frankenstein and Lieutenant (Steve) Smith and, against Plaintiff Mathis. Further, it is recommended that this case be closed.


   s/ Thomas M. Blewitt
**THOMAS M. BLEWITT
United States Magistrate Judge**


**Dated: August 7, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARIEM MATHIS, | : | CIVIL ACTION NO. **3:CV-12-1317** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DAUPHIN COUNTY PRISON, *et al.*, | : | |
| | : | |
| Defendants | : | |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 7, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 7, 2013**